# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Chapter 7 |
| LESLEY JOANNA PERCEVAL | Case No.: 19-19670 JGR |
| Debtor. | |
| LESLEY JOANNA PERCEVAL | Adversary Case No.: 20- |
| Plaintiff, | |
| vs. | |
| ACTION CARE AMBULANCE, INC. and EMS BILLING SOLUTIONS, INC. | |
| Defendants. | |

**COMPLAINT FOR VIOLATION OF 11 U.S.C. § 362 AUTOMATIC STAY AND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**

AND NOW comes Debtor Lesley Joanna Perceval ("Plaintiff"), by and through counsel, Matthew J. McCune, and brings this adversary proceeding against Action Care Ambulance, Inc., and EMS Billing Solutions, Inc. ("Defendants") pursuant to §362 of the United States

Bankruptcy Code, 11 U.S.C. §§101 et seq. ("Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure to obtain a determination that Defendants are in violation of 11 U.S.C. §362(a) by willfully attempting to collect, assess or recover a claim against the debtor that arose before the commencement of the present case after receiving notice of the Plaintiff's bankruptcy filing and pursuant to the Fair Debt Collection Practices Act (15 U.S.C. Section 1692) (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## I.  JURISDICTION AND VENUE

1. This court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334 as this proceeding arises in the above-captioned Chapter 7 case filed in this federal judicial district. This matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue in the District of Colorado is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The relevant statutory authority for the Plaintiff's complaint is §362 of the Bankruptcy Code. This adversary proceeding is authorized by Rules 7001-70 of the Federal Rules of Bankruptcy Procedure.

3. This Court has authority to hear the FDCPA claim in this case, although not a core proceeding, pursuant to U.S.C. §1692k(d), and 28 U.S.C. § 157(c)(1) stating, "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."

4. Plaintiff consents to entry of final judgment on all counts by the Bankruptcy Court in this case.

## II.  THE PARTIES

5. **Plaintiff, Lesley Joanna Perceval**, is the Debtor in the above captioned bankruptcy case. Plaintiff is a resident of Colorado. Plaintiff sought initial relief through a Chapter 13 reorganization in 2019, but then later converted to a Chapter 7 bankruptcy in 2020.

6. **Defendant, Action Care Ambulance, Inc.** is a transportation company "providing emergency and non-emergency medical care and transportation services." (http://www.actioncare.com/).

7. **Defendant, EMS Billing Solutions, Inc.** is a debt collection agency with its principal place of business in Arvada, Colorado. Defendant holds itself out as "the industry's best in EMS billing and collections." (http://www.emsbsi.com/Philosophy.php.html).

### III.     FACTUAL ALLEGATIONS

8. On 11/08/2019, Plaintiff filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code.
9. Listed on her Schedule E/F was Plaintiff's obligation to Action Care Ambulance, Inc ("Defendant Action Care").
10. This obligation owed to Defendant Action Care was a consumer debt for medical services.
11. Defendant Action Care was noticed with a Notice of Chapter 13 Bankruptcy Case (Official Form 309l) via the Bankruptcy Noticing Center on 11/14/19.
12. The Notice of Chapter 13 Bankruptcy Case (Official Form 309l) of Plaintiff's bankruptcy filing included Plaintiff's name, address, case number, contact information for debtor's attorney, meeting of creditors information, and the following relevant language related to the automatic stay:
    a. For the debtor listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully. The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's

      fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

13. In December of 2019, Plaintiff received a dated invoice of December 22, 2019 from Defendant Action Care in the amount of $1,505.73 attempting to collect the debt owed to Action Care Ambulance, Inc. that was listed in Plaintiff's Bankruptcy.

14. The invoice dated December 22, 2019 was sent after Defendant Action Care had received notice of Plaintiff's Chapter 13 Bankruptcy filing.

15. Upon information and belief, in January of 2020, Defendant Action Care transferred the debt to Defendant EMS Billing Solutions, Inc. ("Defendant EMS").

16. After the transfer of debt from Defendant Action Care to Defendant EMS, in January of 2020, Plaintiff received a collection letter from Defendant EMS dated January 22, 2020.

17. Plaintiff alleges on information and belief that Defendant Action Care was aware at all times of all relevant events in Plaintiff's bankruptcy case.

18. Defendant Action Care received proper notice from the Bankruptcy Noticing Center.

19. Despite having actual knowledge of the Plaintiff's bankruptcy proceeding, Defendant Action Care both continued sending collection letters to the Plaintiff and transferred that same debt to a debt collector, Defendant EMS.

## IV.   CLAIMS FOR RELIEF

### 1st CLAIM: VIOLATION OF 11 U.S.C, §362

**A. DEFENDANT ACTION CARE AMBULANCE, INC.'S WILLFUL ATTEMPT TO RECOVER A DEBT AGAINST THE DEBTOR THAT AROSE AFTER RECEIVING SEVERAL NOTICES OF THE PLAINTIFF'S BANKRUPTCY FILING VIOLATED SECTION 362 OF THE BANKRUPTCY CODE.**

20. 11 U.S.C §362(a)(1) provides that a petition for relief under the Bankruptcy Code "operates as a stay, applicable to all entities, of (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

21. The filing of Plaintiff's bankruptcy petition operated as a stay, applicable to Defendant Action Care.

22. Defendant Action Care violated the Automatic Stay of 11 U.S.C. §362 by alleging that the Plaintiff owed a prepetition debt that was included in the Plaintiff's bankruptcy.

23. Defendant Action Care's violation of §362 was a "willful" violation. Courts have previously held that violations are "willful" if the party knew of the automatic stay and intended to take the action that violated the stay. In effect, the term "willful" refers to the deliberateness of the conduct, coupled with knowledge of the filing. *In re Gagliardi*, 290 B.R. 808, 818-819 (Bankr.D.Colo. 2003).

24. In the present case, the evidence establishes beyond dispute that Defendant Action Care knew of the automatic stay of 11 U.S.C. §362.

25. Defendant Action Care had been noticed of the Plaintiff's bankruptcy via the Bankruptcy Noticing Center several times.

26. Via the Bankruptcy Noticing Center, Action Care Ambulance, Inc. was listed.

27. Defendant Action Care knew about the bankruptcy and that the automatic stay was applicable.

28. Defendant Action Care clearly intended the actions that violated the automatic stay.

29. Once a court finds a violation of the stay to be willful, §362(h) makes the award of damages mandatory. *Id.* at 819.

30. The Bankruptcy Code contains a specific cause of action against a creditor who causes injury to an individual by a willful violation of the automatic stay: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. §362(k)(1).

31. If the Court finds a willful violation of the stay, the debtor is entitled to all reasonable attorney fees and costs; the court does not have discretion to award less. *In re Stainton*, 139 B.R. 232 (B.A.P. 9th Cir. 1992).

32. Defendant Action Cares actions in this case can only reasonably be understood as a willful violation of §362(a).

### 2nd CLAIM: VIOLATION OF 15 U.S.C. § 1692

B.  **DEFENDANT EMS BILLING SOLUTIONS, INC. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT UNDER 15 U.S.C. §1692**

33. As a debt collector, Defendant EMS violated the Fair Debt Collection Practices Act (15 U.S.C. Section 1692) (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.
34. Defendant EMS is a debt collector as it holds out itself as an EMS collection agency.
35. Section 1692(k) of the FDCPA allows for any person to receive compensation for any actual damages and up to $1,000.00 additional damages for a violation of the FDCPA.
36. Defendant EMS violated Sections 1692(b)(6) and 1692(c)(2) by sending a collection letter to the Plaintiff after her bankruptcy case was filed and attempting to collect a prepetition debt.
37. §§1692(b)(6) and (c)(2) precludes a debt collector from contacting a debtor when the debtor is represented by an attorney.
38. Defendant EMS made fraudulent and deceptive statements to the Plaintiff through the collection letters, by attempting to collect a debt that was not owed to Defendants.
39. Defendant EMS violated §1692(e)(2)(A) by sending a collection letter to the Plaintiff after her bankruptcy case was filed and stating that there was an "amount due" and owing on the debt that was included in the bankruptcy.
40. Had Defendant EMS taken the time to do a .10 PACER search, Defendant EMS would have known that the Plaintiff had an active Bankruptcy case.
41. §1692(e)(2)(A) precludes a debt collector from making a false or misleading statement about the legal status of any debt.
42. Under the facts presented, this Court should find that Defendant EMS made a false and misleading statement of the debt owed, and award a maximum $1,000 in statutory damages as is available under the FDCPA.

C. **PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS INCURRED IN BRINGING THIS ACTION BECAUSE ATTORNEY INTERVENTION IS OFTEN NECESSARY TO PREVENT OTHER ACTUAL DAMAGES TO A DEBTOR.**

43. If the Court finds a willful violation of the stay, the debtor is entitled to all reasonable attorney fees and costs under §362(k)(1); the court does not have discretion to award less. *In re Stainton*, 139 B.R. 232 (B.A.P. 9th Cir. 1992).

44. Attorney's fees are reasonable in this case because the attorney has spent time and resources in bringing forth this claim against the Defendants.

45. Factors to be taken in consideration of reasonable attorneys fees and costs under §362 are the time spent, the quality of the services rendered and their value, the result produced, the skill required and the benefit conferred upon the debtor. *In re Roman,* 283 B.R. 1 (B.A.P. 9th Cir. 2015) at 11.

46. Plaintiff's attorney has incurred time in bringing forth this action on behalf of Plaintiff, due to a violation of 11 U.S.C §362(a)(1) and 15 U.S.C. §1692.

47. This Court should find for the Plaintiff, as a measure of preventative litigation measures that will prevent future harm to the debtor's.

48. Accordingly, following completion of proceedings in this matter, counsel will seek an award of fees and costs incurred in the representation of Plaintiff.

### V. RELIEF REQUESTED

49. Plaintiff asks the Court for the following relief; (a) a judgment that Action Care Ambulance, Inc., is in willful violation of the automatic stay under §362(a) of the Bankruptcy Code; (b) an injunction against any further attempts by Action Care Ambulance, Inc. and EMS Billing Solutions, Inc. or its employees, agents, attorneys or assign to collect on the prepetition debt; (c) a judgment that EMS Billing Solutions, Inc. violated the Fair Debt Collection Practices Act under 15 U.S.C. §1692; (d) declaratory relief that prepetition debt owed to Defendant Action Care that was listed in both the Plaintiff's Chapter 13 and converted Chapter 7 Bankruptcy is not due and owing (e) an award of attorneys' fees and costs under §362(k)(1); (f) an award of statutory damages of $1,000 pursuant to 15 § 1692(g); (h) an award of attorneys' fees and costs under 15 §1692; (i) and such other and further relief as the court finds just and appropriate.

RESPECTFULLY SUBMITTED this 15th day of April, 2020.

                                                                */s/ Matthew J. McCune*

                                                                Matthew J. McCune
                                                                Attorney for Plaintiff
                                                                6635 S. Dayton St. Ste. 320
                                                                Greenwood Village, CO 80111
                                                                Phone 303-759-0728
                                                                matt@mccunelegal.com

# CERTIFICATE OF MAILING

I hereby certify that on the 15th day of April, 2020, I placed a true and correct copy of the foregoing COMPLAINT FOR VIOLATION OF 11 U.S.C. § 362 AUTOMATIC STAY AND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 in the United States Mail, postage prepaid and addressed to:

Action Care Ambulance, Inc.
14854 E. Hinsdale Ave, Unit #H
Centennial, CO 80112

Action Care Ambulance
PO Box 350940
Westminster, CO 80035

Action Care Ambulance, Inc.
PO Box 2439
Parker, CO 80134

Action Care Ambulance, Inc.
2721 W. Oxford Ave
Englewood, CO 80110

Morgan Powell c/o Action Care Ambulance, Inc.
14854 E. Hinsdale Ave, Unit #H
Centennial, CO 80112

EMS Billing Solutions, Inc.
8021 Sheridan Blvd, C-200
Arvada, CO 80003

Gaylene J Garcia-Kabel c/o EMS Billing Solutions, Inc.
8021 Sheridan Blvd, C-200
Westminster, CO 80031

By: _Charles Holmes_